# United States Bankruptcy Court
## Eastern District of Wisconsin

In re   Alma & Charles Searcy                                            Case No.   16-25915

                                      Debtor(s)                          Chapter    13

# CHAPTER 13 PLAN

## NOTICES

**NOTICE TO DEBTORS: This plan is the model plan as it appears in the Appendix to the Local Rules of the Bankruptcy Court for the Eastern District of Wisconsin on the date this plan is filed. THIS FORM PLAN MAY NOT BE ALTERED IN ANY WAY OTHER THAN WITH THE SPECIAL PROVISIONS IN SECTION 10.**

☒   A check in this box indicates that the plan contains special provisions set out in Section 10 below.

**NOTICE TO CREDITORS: YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this Plan carefully and discuss it with your attorney. If you oppose any provision of this plan you must file a written objection. The time to file an objection will be in a separate notice. Confirmation of this Plan by the Court may modify your rights. You may receive less than the full amount of your claim and/or a lesser interest rate on your claim.

**You must file a proof of claim in order to be paid under this Plan. Payments distributed by the Trustee are subject to the availability of funds.**

## THE PLAN

Debtor or Debtors (hereinafter "Debtor") propose this Chapter 13 Plan:

1. **Submission of Income.**
   ☐ Debtor's annual income is above the median for the State of Wisconsin.
   ☒ Debtor's annual income is below the median for the State of Wisconsin.

   **(A).** Debtor submits all or such portion of future earnings or other future income to the Chapter 13 Trustee (hereinafter "Trustee") as is necessary for the execution of this Plan.

   **(B).** Tax Refunds (Check One):

   ☒ Debtor is required to turn over to the Trustee 50% of all net federal and state income tax refunds received during the term of the plan.
   ☐ Debtor will retain any net federal and state tax refunds received during the term of the plan.

2.  **Plan Payments and Length of Plan.** Debtor shall pay the total amount of $34,916 by paying $582 per ☒ month ☐ week ☐ every two weeks ☐ semi-monthly to Trustee by ☐ Periodic Payroll Deduction(s) from ☒ Debtor ☐ Joint Debtor or by ☒ Direct Payment(s) for the period of 60 months. The duration of the plan may be less if all allowed claims in every class, other than long-term claims, are paid in full.

   ☐ If checked, plan payment adjusts as indicated in the special provisions located at Section 10 below.

3. **Claims Generally.** The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief. Creditors may file a proof of claim in a different amount. Objections to claims may be filed before or after confirmation.

   The following applies in this Plan:

   **CHECK A BOX FOR EACH CATEGORY TO INDICATE WHETHER THE PLAN OR THE PROOF OF CLAIM CONTROLS:**

   |    |                                 | Plan Controls | Proof of Claim Controls |
   |----|---------------------------------|:-------------:|:-----------------------:|
   | A. | Amount of Debt                  | ☐             | ☒                       |
   | B. | Amount of Arrearage             | ☐             | ☒                       |
   | C. | Replacement Value - Collateral  | ☒             | ☐                       |
   | D. | Interest Rate - Secured Claims  | ☒             | ☐                       |

   **FAILURE TO CHECK A BOX UNDER A CATEGORY IN THIS SECTION WILL MEAN THAT A PROPERLY FILED PROOF OF CLAIM WILL CONTROL FOR THE CORRESPONDING SUB-PARAGRAPH OF THE PLAN.**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   **(A). Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

   **(B). Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $3,500. The amount of $920 was paid prior to the filing of the case. The balance of $2,580 will be paid through the plan. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.

   **Total Administrative Claims:** $2,580

5. **Priority Claims.**

   **(A). Domestic Support Obligations (DSO).**

   ☒ If checked, Debtor does not have any anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit.

   ☐ If checked, Debtor has anticipated DSO arrearage claims or DSO arrearage claims assigned, owed or recoverable by a governmental unit. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. 1322(a)(2). A DSO assigned to a governmental unit might not be paid in full. 11 U.S.C. 507(a)(1)(B) and 1322(a)(2).

   | (a) DSO Creditor Name and Address | (b) Estimated Arrearage Claim | (c) Total Paid Through Plan |
   |-----------------------------------|-------------------------------|-----------------------------|
   |                                   | $                             | $                           |
   | Totals                            | $                             | $                           |

Richard A. Check
State Bar No. 1012204
757 N. Broadway, Ste. 401
Milwaukee, WI 53202
Phone: 414.223.0000
Fax: 414.223.3245
wisoffice@aol.com

2

**(B). Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full through the plan.

| (a) Creditor | (b) Estimated claim |
|---|---|
| IRS | $15,596 |
| WIDOR | $1,746 |

**Total Priority Claims to be paid through plan: $17,342**

6. **Secured Claims.** The holder of a secured claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328. The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of the claim.

    (A). **Claims Secured by Personal Property.**

☐ If checked, The Debtor does not have claims secured by personal property which debtor intends to retain. Skip to 6(B).

☒ If checked, The Debtor has claims secured by personal property which debtor intends to retain.

(i). **Adequate protection payments.** Creditor must file a proof of claim to receive adequate protection *payments. Upon confirmation the treatment of secured claims will be governed by Paragraph (ii) below. The Trustee shall make the following monthly adequate protection payments to creditors pursuant to 1326(a)(1)(C):*

| (a) Creditor | (b) Collateral | (c) Monthly Adequate protection payment amount |
|---|---|---|
| Regional Acceptance | 2011 Kia Sorento | $75 |
| | Total monthly adequate protection payments: | $75 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).

    (a). **Secured Claims - Full Payment of Debt Required.**

☒ If checked, the Debtor has no secured claims which require full payment of the underlying debt. Skip to (b).

☐ If checked, the Debtor has secured claims which require full payment of the underlying debt. Claims listed in this subsection consist of debts (1) secured by a purchase money security interest in a vehicle; (2) which debt was incurred within 910 days of filing the bankruptcy petition; and (3) which vehicle is for the personal use of the debtor; OR, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* 1325(a)(5). After confirmation the Trustee will pay the monthly payment in column (f).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| | | | | | | |
| Total | | | | | | $0 |

Richard A. Check
State Bar No. 1012204
757 N. Broadway, Ste. 401
Milwaukee, WI 53202
Phone: 414.223.0000
Fax: 414.223.3245
wisoffice@aol.com

3

(b). **Secured Claims - Replacement Value.**

☐ If checked, the Debtor has no secured claims which may be reduced to replacement value. Skip to (B).

☒ If checked, the Debtor has secured claims which may be reduced to replacement value. The amount of the debt or the replacement value assigned to the property is in column (d).

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Replacement Value/Debt | (e) Interest Rate | (f) Estimated Monthly Payment | (g) Estimated Total Paid Through Plan |
|---|---|---|---|---|---|---|
| Regional Acceptance | 2011 Kia Sorento | 11/1/2011 | $10,432 | 4.5% | - | $11,670 |
| TOTALS | | | | | | $11,670 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.**

(i) ☒ If checked, the Debtor does not have any claims secured by real property that Debtor intends to retain. Skip to (C).

☐ If checked, the Debtor has claims secured by Real Property that debtor intends to retain. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise.

| (a) Creditor | (b) Property description |
|---|---|
| Caliber Home Loans | Homestead - 3800 N 36th St, Milwaukee, WI 53216-3006 |

(ii) ☒ If checked, the Debtor has an arrearage claim secured by Real Property that the Debtor will cure through the Plan. Trustee may pay each allowed arrearage claim the estimated monthly payment indicated in column (d) until paid in full.

| (a) Creditor | (b) Property | (c) Estimated Arrearage Claim | (d) Estimated Monthly Payment | (e) Estimated Total Paid Through Plan |
|---|---|---|---|---|
| Caliber Home Loans | Homestead - 3800 N 36th St, Milwaukee, WI 53216-3006 | $2,000 | - | $2,000 |

**Total Secured Claims to Be Paid Through the Plan: $13,670**

(C). **Surrender of Collateral.** This Plan shall serve as notice to creditor(s) of Debtor's intent to surrender the following collateral. Any secured claim filed by a secured lien holder whose collateral is surrendered at or before confirmation will have their secured claim treated as satisfied in full by the surrender of the collateral.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| United Consumer Financial Services | Kirby Vacuum |

7. **Unsecured Claims.**

(A). Debtor estimates that the total of general unsecured debt not separately classified in paragraph (b) below is $70,047. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of 0% to timely filed general unsecured claims.

Richard A. Check
State Bar No. 1012204
757 N. Broadway, Ste. 401
Milwaukee, WI 53202
Phone: 414.223.0000
Fax: 414.223.3245
wisoffice@aol.com

4

(B). Special classes of unsecured claims:

**Total Unsecured Claims to Be Paid Through the Plan: 0%**

8. **Executory Contracts and Unexpired Leases.**

☐ If checked, the Debtor does not have any executory contracts and/or unexpired leases.

☐ If checked, the Debtor has executory contracts and/or unexpired leases. The following executory contracts and unexpired leases are assumed, and payments due after filing of the case will be paid directly by Debtor. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors after confirmation.

| (a) Creditor | (b) Nature of lease or executory contract | (c) Estimated arrearage claim | (d) Estimated monthly payment |
|---|---|---|---|
| | | $ | $ |
| | | Totals:$ | $ |

All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

9. **Property of the Estate.** Property of the estate shall revest in Debtor (Check one):
☐ Upon Confirmation; or
☒ Upon Discharge

10. **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

> *Debtor's Attorneys Fees: All available funds on hand, less amount paid to Trustee, to be paid at the initial disbursement following confirmation of the plan. The balance of attorney fees will be paid by an equal split with secured creditors from all funds on hand monthly until the fee is paid in full. Pursuant to 507(a)(2) and 1326(b)(1), any tax refund submission received by the trustee will first be used to pay any balance of Debtor's Attorney's Fees.
>
> *Secured Claims: Secured creditors' liens on auto(s) will be released the earlier of the date the debt is paid in full under non-bankruptcy law or the date the Debtor is granted a Chapter 13 discharge under Section 1328.
>
> *Any student loan claims shall be paid outside of the plan

11. **Direct Payment by Debtor.** Secured creditors and lessors to be paid directly by the Debtor may continue to mail to Debtor the customary monthly notices or coupons or statements notwithstanding the automatic stay.

12. **Modification.** Debtor may file a pre-confirmation modification of this plan that is not materially adverse to creditors without providing notice to creditors if the Debtor certifies that said modification is not materially adverse to said creditors.

Date    6/22/16                              Signature    S:// Alma & Charles Searcy
                                                          Debtors

Richard A. Check
State Bar No. 1012204
757 N. Broadway, Ste. 401
Milwaukee, WI 53202
Phone: 414.223.0000
Fax: 414.223.3245
wisoffice@aol.com

5